# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **PLAINTIFF,** } | |
| } | |
| v. } | **CASE NO.:  2:20-CR-270-MHH** |
| } | |
| **DEVON MARTEZ EASLEY,** } | |
| } | |
| **DEFENDANT.** } | |
| } | |
| } | |

## MEMORANDUM OPINION AND ORDER

Defendant Devon Easley has asked the Court to grant him access to the courts. (Docs. 158, 180, 196, 204).[1] He presents several arguments in support of his motions. The Court addresses these arguments in this opinion and explains why the Court finds that Mr. Easley has had ample access to the court.

## FACTUAL BACKGROUND

On February 12, 2021, Mr. Easley was arrested on the charges in this case. (Doc. 4). He has been detained since his arrest. (Docs. 5, 9). Initially,

---

[1] In addition to written motions, Mr. Easley has made oral motions for access to the courts in hearings in this case. (*See*, *e.g.*, Doc. 46).

1

the Federal Public Defender appeared for Mr. Easley. (Docs. 6, 7). Three weeks after their initial appearance, Mr. Easley's attorneys moved to withdraw. (Doc. 13). At a hearing on the motion, Mr. Easley waived his right to counsel and began representing himself. (Docs. 17, 38). The Court appointed standby counsel for Mr. Easley. (Doc. 17).

Within two months, the Court replaced Mr. Easley's initial standby counsel because Mr. Easley reported him to the Alabama State Bar. (April 26, 2021 minute entry; Doc. 161, p. 15). In short order, Mr. Easley reported his second standby attorney to the Alabama State Bar. (Doc. 83, pp. 2, 4-7). This pattern continued until June 2022 when the Court refused to appoint a standby attorney to assist Mr. Easley in his defense after he reported his fourth standby attorney to the Alabama State Bar, twice. (Doc. 187, p. 4; Doc. 161, pp. 15, 21; Doc. 201, p. 10).

Since he has been detained, Mr. Easley has been housed in three facilities, the Hoover Jail, the Pickens County Jail, and the Shelby County Jail. (Doc. 46, pp. 28, 29, 36-37; Doc. 161, p. 6). Mr. Easley contends that none of these facilities has a law library. (Doc. 46, pp. 30, 37; Doc. 170, pp. 17, 25-27). Mr. Easley reports that he has not had access to Lexis, Westlaw, or the internet. (Doc. 170, p. 26). To access legal material, Mr. Easley reports that he has reached out to family and friends through the Shelby County jail

phone services. (Doc. 170, p. 18). He contends the phone service is expensive; Mr. Easley requests access to the courts at no cost. (Doc. 170, p. 18). Mr. Easley asserts that he cannot emotionally or physically prepare for trial when he does not have adequate access to the courts. (Doc. 170, p. 17; *see also* Doc. 204, p. 1).

## DISCUSSION

Generally speaking, federal criminal defendants like Mr. Easley have a right under the Sixth Amendment to waive counsel and represent themselves. *Faretta v. California*, 422 U.S. 806 (1975).[2] But "the right to proceed *pro se* in a criminal trial does not imply there are additional rights to access legal materials or law libraries." *Smith v. Hutchins*, 426 Fed. Appx. 785, 788-89 (2011) (concluding that "because Smith voluntarily and intelligently waived his right to counsel, Smith had no constitutional right to access a law library and other legal resources during his pre-trial detention"); *see also United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990) ("by knowingly and intelligently waiving his right to counsel," defendants who choose to represent themselves "relinquish[] [] access to a law library.").

---

[2] *Faretta*, 422 U.S. at 834 n. 46 ("[T]the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct.") (citing *Illinois v. Allen*, 397 U.S. 337 (1970)); *see U.S. v. Hill*, 35 F.4th 366, 380-81 (5th Cir. 2022).

Early in this case, Mr. Easley waived his right to counsel. The Court repeatedly has offered him opportunities to change course and accept counsel, but Mr. Easley has refused. With his waiver, Mr. Easley forfeited his right to a law library. Still, Mr. Easley has had more access to legal materials than many defendants who choose to represent themselves. Early in the case, the Court gave Mr. Easley a copy of the Eleventh Circuit pattern jury instructions that correspond to the charges in the indictment, and the Court gave Mr. Easley pamphlets containing the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. (March 24, 2021 minute entry; Doc. 25-1, pp. 13-30; Doc. 170, p. 28). Later in the case, the Court gave Mr. Easley a compendium of federal rules and statutes. (Doc. 170, p. 27). The Court also appointed four standby attorneys to assist Mr. Easley, each of whom was willing to help Mr. Easley with legal research. Mr. Easley reported each attorney to the Alabama State Bar, ostensibly because the attorneys did not visit him frequently enough and did not respond to his requests quickly enough.

Despite his contention that he does not have adequate access to legal materials, Mr. Easley cited 20 court decisions in Doc. 112, 23 court decisions in Doc. 185, and 28 decisions in Doc. 203. Mr. Easley does not have a

constitutional right to legal materials, but as a practical matter, he has had significant access to legal materials to help him prepare his defense.

## CONCLUSION

For the reasons discussed above, this Court denies Mr. Easley's motions for access to the courts. The Clerk of Court shall please TERM Docs. 158, 180, 196, and 204.[3]

**DONE** and **ORDERED** this August 1, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[3] In Doc. 196, Mr. Easley has asked the Court to appoint a fifth attorney to serve as his standby attorney. When the Court appointed Mr. Easley's most recent standby attorney, the Court advised Mr. Easley that if he jeopardized that appointment, the Court would not appoint another standby attorney. (*See* Doc. 170, p. 33). Because Mr. Easley reported his most recent standby attorney to the Alabama State Bar without first asking for a hearing to address issues that may have arisen in his representation, the Court will not appoint another standby attorney to represent Mr. Easley.